UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

Bankruptcy No. SA06-10429 TA; Adversary No. 8:09-01053 TA

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Bijan Amini (appearance by telephone) | Donald Cram |

**Proceedings:**  **DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE** (filed 07/10/09)

## I.   INTRODUCTION & BACKGROUND

On January 29, 2009, plaintiff John P. Brincko, as Chapter 11 trustee of debtor National Consumer Mortgage, LLC ("NCM"), filed suit against defendant Bank of America, N.A. ("Bank of America") in United States Bankruptcy Court for the Central District of California alleging a claim for aiding and abetting fraud. Plaintiff filed an amended complaint on May 8, 2009.[1]

Plaintiff alleges that in 2003, NCM opened a checking account at Bank of America's Santa Ana banking center, and that Dorothy Morisette ("Morisette") is the only person authorized to sign checks on the account. Am. Compl. ¶¶ 13-14. Plaintiff further alleges that Sam Favata ("Favata") obtained NCM checks signed by Morisette, made them payable to himself, and presented these checks to Bank of America, who exchanged them for cashiers checks payable to Favata. Id. ¶ 15. According to plaintiff, Favata endorsed these cashiers checks to the Rio Hotel and Casino (the "Rio") in Las Vegas which then deposited the checks into Rio's Bank of America account. Id. ¶ 17. Plaintiff alleges that through this scheme Favata "looted at least $9,667,000 from [NCM's] account between November 18, 2004 and March 22, 2006." Id. Plaintiff further alleges that Bank of America (1) ignored clear signs of money laundering and other fraudulent activity; (2) violated industry regulations and guidelines relating to

---

[1] Although defendant's moving papers only refer to the January 29, 2009 complaint, plaintiff alleges that the only complaint served on defendant was the amended complaint. Opp'n at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

opening and maintaining accounts; (3) knowingly breached its own internal policies that forbid a person without signature authority on an account from repeatedly exchanging personal checks for cashier's checks; (4) failed to take action even though its officers were approving questionable transactions while obtaining favorable treatment for relatives and friends; and (5) was aware of the wrongful conduct before it issued cashiers checks to Favata.   Am. Compl. ¶¶ 18, 20, 22-23, 33-37, 38-47, 48-54, 55-61.

On July 10, 2009, defendant Bank of America filed the instant motion to withdraw the reference of this adversary proceeding from bankruptcy court to this Court. On August 17, 2009, plaintiff filed his opposition. On August 27, 2009, defendant filed its reply. A hearing was held on September 14, 2009. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    LEGAL STANDARD**

Withdrawal of the reference of an adversary proceeding from bankruptcy court is governed by 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion, or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Section 157(d) "contains two distinct provisions: the first sentence allows permissive withdrawal, while the second sentence requires mandatory withdrawal in certain situations." In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill. 1997).

Withdrawal is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F. 3d 999, 1008 (9th Cir. 1997). The Ninth Circuit has suggested that mandatory withdrawal hinges "on the presence of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

substantial and material questions of federal law." Security Farms, 124 F.3d 999 at 1008 n.4 ("By contrast, permissive withdrawal does not hinge on the presence of substantial and material questions of federal law."). The mandatory withdrawal provision should be construed narrowly so as to avoid creating an "'escape hatch' by which bankruptcy matters could easily be removed to the district court." In re Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996).

Withdrawal is permissive "for cause shown." 28 U.S.C. § 157(d); Security Farms, 124 F.2d at 1008. To determine whether cause for permissive withdrawal of the reference exists, a district court "should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993), cited by 3 Collier on Bankruptcy, ¶ 3.04[1]. Then, the "district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms, 124 F.3d at 1008 (citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)).

Notwithstanding the foregoing, "[a] motion to withdraw the reference is not a substitute for an appeal . . . . [T]he bankruptcy court would be largely meaningless if a motion to withdraw the reference could be used instead." FTC v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.), 282 B.R. 894, 903 (C.D. Cal. 2001). The party seeking withdrawal bears the burden of persuasion. Id. at 902.

### III. DISCUSSION

Defendant argues that this adversary proceeding is not a "core" proceeding, but rather a "related to" proceeding. Mot. at 6 (citing Security Farms, 124 F.3d at 1008 ("[a]ctions that do not depend on bankruptcy laws for their existence and that could proceed in another court are considered 'non-core.'"). Defendant further argues that state law fraud claims do not come within the "catch all provisions" for core proceedings contained in 28 U.S.C. § 157(b)(2)(A) or (O).[2] Id. at 7 (citing In re Cinematronics, Inc.,

---

[2] 28 U.S.C. § 157(b)(2) provides that "core" proceedings include "(A) matters concerning the administration of the estate" and "(O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

916 F.2d 1444, 1450 (9th Cir. 1990)). Defendant contends that determination of this claim will not adjust the relations between the debtor, NCM, or its estate and its creditors, and is therefore a "related to" proceeding. Id. at 8. Defendant further argues that aiding and abetting fraud is a claim at law for which the Seventh Amendment guarantees the right to a jury trial. Mot. at 8. Defendant contends that a bankruptcy court may not conduct a jury trial in a "non-core" proceeding. Id. at 9 (citing Cinematronics, 916 F.2d at 1451).

Moreover, defendant argues that the Court should withdraw the reference now rather than wait for the bankruptcy court to resolve pretrial matters. Id. at 10. Defendant contends that withdrawal now will efficiently use judicial resources and avoid delay and expense because the Court must review any bankruptcy court determination de novo pursuant to 28 U.S.C. § 157(c)(1). Id. at 11 (citing Security Farms, 124 F.3d at 1008). Defendant further contends that withdrawal of the reference will not affect the administration of NCM's bankruptcy. Id. at 12-13. Additionally, defendant argues that there is no danger of forum shopping and a jury trial is likely. Id. at 13.

Plaintiff acknowledges that bankruptcy courts cannot conduct jury trials on non-core matters, but urges the Court to not immediately withdraw the reference and to allow the bankruptcy court to retain jurisdiction over this action for all pretrial matters. Opp'n at 2, 7 (citing In re Healthcentral.com, 504 F.3d 775, 787 (9th Cir. 2007) (finding that permitting the bankruptcy court to retain jurisdiction over pretrial matters does "not diminish a party's *right* to a jury trial"). Plaintiff argues that withdrawing the reference right now will not promote judicial efficiency because the bankruptcy court is "very familiar" with the underlying claims and parties involved in the action through prior discovery, motions, and the related adversary proceedings.[3] Id. at 7-8 (citing

---

security holder relationship . . . ."

[3] Plaintiff has filed other adversary complaints allegedly involving some of the issues raised in the complaint against Bank of America. Opp'n at 5. For example, plaintiff filed suit against Sam Favata, Sandra Favata, and Morisette in January 2006 alleging an investor ponzi scheme fraud against Sam Favata and the conversion of NCM's funds through cashiers checks and Bank of America. Id. (citing Def.'s Req. for Judicial Notice ("RJN") Ex. A (the "Docket"), Dkt. # 71 and Ex. B ¶¶ 11, 14, 15). As to that action, there have been motions for judgment by default and for settlement approval

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

Healthcentral.com, 504 F.3d at 781 (upholding the decision by the lower court to deny withdrawal where the "bankruptcy court's familiarity with the present action, as well as related cases, presented real economic reasons to retain the action")).  For example, plaintiff has conducted discovery of Bank of America in the bankruptcy by obtaining an order for a Fed. R. Bankr. P. 2004 examination and production of documents.[4]  Id. at 5 (citing the Docket ## 98, 120).  Plaintiff further argues that recent cases have found that the judicial economy factor is significant in determining that the action should remain in the bankruptcy court for pretrial matters.  Id. (citing Kendal v. Hartford Fire Ins. Co., 2008 WL 753718 at *8 (N.D. Cal. March 19, 2008); In re Sonicblue Inc., 2008 WL 191025 at *6 (N.D. Cal. Jan. 20, 2008); Daewoo Motor Amer., Inc. v. Gulf Ins. Co., 302 B.R. 308, 314 (C.D. Cal. 2003)).  As to defendant's argument that immediate withdrawal will be economically efficient because the Court can avoid de novo review of the bankruptcy court's determinations, plaintiff responds that "if that were the only factor, every non-core claim triable by jury would be immediately withdrawn contrary to Healthcentral.com."  Id. at 8.

---

before the bankruptcy court.  Id. (citing the Docket  ## 162-64, Def.'s RJN Ex. D).  Plaintiff also filed suit against Rio alleging fraudulent transfers, and the bankruptcy court has ruled on a motion to dismiss on this matter.  Id. (citing Pl.'s RJN Exs. 2 and 3, Dkt. ## 4, 10, 12, 31).   Finally, plaintiff filed suit against NCM's former attorneys, Brincko v. Anderson, alleging that they aided and abetted Favata in his ponzi scheme and the bankruptcy court denied defendants' motion to dismiss  Id. at 6 (citing the Docket # 334).

   Both parties request that the Court take judicial notice of filings with the Court.  Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record."  Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986).  As such, judicial notice is proper insofar as judicial notice is taken that these court filings were made.  The Court GRANTS the parties' request for judicial notice to the extent they request that the Court take judicial notice that the documents were filed with the Court.  However, the Court does not take judicial notice of the truth of the matters asserted therein.

   [4]  When it filed this instant motion to withdraw the reference, Bank of America filed a motion to stay the proceedings in bankruptcy court.  Pl.'s RJN Ex. 4, Dkt. #11.  In its moving papers, defendant states that "Brincko has already conducted extensive discovery on the issues raised by his [amended] complaint."  Opp'n at 6 (citing Def.'s Mem. P. & A. at 10).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

  Moreover, plaintiff argues that defendant has conceded that it will suffer no injury or prejudice if the pretrial matters continue to be managed by the bankruptcy court. Id. at 9. Plaintiff contends that to the contrary, "it appears as if [defendant] is simply attempting to distance itself from the other pending cases." Id. Plaintiff filed suit against NCM's former attorneys, Brincko v. Anderson, alleging that they aided and abetted Favata in his ponzi scheme. Defendants in Anderson moved to dismiss on the grounds of the unclean hands defense or *in pari delicto*, but the bankruptcy court denied defendants' motion because the issue of whether the conduct of Sam Favata, Sandra Favata, and Morisette could be imputed to the debtor involved factual determinations not appropriate for a motion to dismiss. Brincko v. Anderson, No. 8:06-10429 TA (Bankr. C.D. Cal. Dec. 11, 2008). Plaintiff contends that Anderson defendants' defense of *in pari delicto* is similar to the argument made by Bank of America in its motion to dismiss the current action. Opp'n at 6, 9. Accordingly, plaintiff urges the Court to prevent forum shopping by denying the motion to withdraw without prejudice to renewal at such time as the case is ready for trial. Id. at 9-10.

  Defendant asserts that both parties agree that the reference must be withdrawn before trial of this case and that pretrial proceedings may be conducted either in this Court or in the bankruptcy court. Reply at 2. According to defendant, the only dispute is whether judicial economy and efficiency will be served by withdrawing the reference now. Id. Defendant contends that "this case's unique facts" "demonstrate that the reference should be withdrawn now, not later." Id. at 2-3. As to these facts, defendant again argues that because this is a non-core matter, the bankruptcy court may only enter recommended rulings on dispositive motions and this Court must review its recommendations de novo. Id. at 3. Defendant further argues that plaintiff's claim alleges a state law claim and raises no bankruptcy issues which would benefit from the expertise of the bankruptcy court.[5] Id. Additionally, defendant argues that this Court is better able to resolve the case promptly because it has a comparatively lighter caseload and a Magistrate Judge to whom to delegate discovery disputes.[6] Id. at 5.

---

  [5] Defendant contends that some of plaintiff's cited cases are distinguishable for this reason, including Healthcentral.com, 504 F.3d 775 (9th Cir. 2007).

  [6] Defendant asserts that the case filings in the Central District Bankruptcy Court have grown at a faster pace and that the "overwhelming burden of this tidal wave of bankruptcy court filings has taxed the [court's] capacity severely." Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

Defendant disputes plaintiff's argument that the bankruptcy court is already familiar with the matter because the pertinent conduct occurred outside the bankruptcy court's purview. Id. at 7. Accordingly, defendant argues that the bankruptcy court lacks the intimate familiarity with the underlying transaction which was a persuasive factor in Daewoo Motor Amer., Inc., 302 B.R. 308 (C.D. Cal. 2003), cited by plaintiff. Id. Furthermore, defendant argues that the bankruptcy court is not familiar with this case because no rulings have been made in the case and none of the four motions that have been decided in the three other adversary proceedings "require or lead to a court's acquiring any intimate acquaintance with the facts of the case."[7] Id. Defendant further argues that the bankruptcy court did not play any significant supervisory role over the discovery in the other adversary proceedings. Id. at 8.

Finally, defendant disputes that it is forum-shopping because it allegedly was "totally unaware" of the Brinko v. Anderson adversary proceeding until reading plaintiff's opposition papers. Id. Defendant further argues that since the Anderson motion to dismiss is not an adjudication on the merits, it was not the sort of decision that "another litigant would hasten to avoid by seeking to withdraw the reference." Id. Additionally, defendant contends that the Anderson ruling is only tangentially related to one of several arguments it presents in its motion to dismiss. Id. And defendant further contends that there can be no forum-shopping because this Court must review any bankruptcy court determination of this issue de novo. Id. at 9 (citing Security Farms, 124 F.3d at 1008).

There is no dispute among the parties that the claim is a "related to" proceeding and must be withdrawn before a jury trial of this case. The Court fails to see how rulings of the bankruptcy court thus far, justify that the bankruptcy court retain jurisdiction for all pretrial matters. Thus, the Court concludes that withdrawing the reference now will be the most efficient use of judicial resources.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendant's motion to withdraw the reference of this adversary proceeding from bankruptcy court to this Court.

---

[7] See supra note 3 regarding the related adversary proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 09-792 CAS | Date | September 14, 2009 |
|---|---|---|---|
| Title | IN RE: NATIONAL CONSUMER MORTGAGE, LLC, ETC. | | |

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00 : 11 |
| Initials of Preparer | CMJ |